## Dadey v Onondaga County Comm. of the Conservative Party of NYS

2024 NY Slip Op 32858(U)

August 16, 2024

Supreme Court, Onondaga County

Docket Number: Index No. 003920/2024

Judge: Joseph E. Lamendola

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

STATE OF NEW YORK
SUPREME COURT ONONDAGA COUNTY

THOMAS V. DADEY, JR.,

**DECISION AND ORDER**

Index No: 003920/2024

Petitioner-Plaintiff,

v.

**ONONDAGA COUNTY COMMITTEE OF THE
CONSERVATIVE PARTY OF NYS and
BERNARD MENT, Committee Chairperson,
NANCY ROBERTS, Secretary,
REBECCA VARGA, Meeting Chairperson,
JENN CHAPMAN, Meeting Manager,
THOMAS BEAULIEU, MELISSA 'MISSY' MARZULLO,
and MICHAEL HUNTER, Executive Committee
Members, and**

Respondents-Defendants,

and
**NEW YORK STATE ATTORNEY GENERAL,**
Non-Party Respondent-Defendant (CPLR 7804(c))

Before: Hon. Joseph E. Lamendola, JSC

Petitioner-Plaintiff (hereinafter "Petitioner") commenced this hybrid action against Respondents-Defendants (hereinafter "Respondents") by filing a "Combined Petition and Complaint" on April 15, 2024, seeking declaratory judgment as to his alleged unlawful removal from the Executive Committee, and/or a judgment pursuant to CPLR Article 78 finding the Respondents to have acted beyond their authority in removing him from the Executive Committee in violation of Election Law §2-116.[1]

By way of background, Petitioner was elected by the Defendant Onondaga County Committee of the Conservative Party (hereinafter "County Committee") to an 'at large' seat on the Executive Committee on October 1, 2022. On July 18, 2023, the

---

[1] Petitioner cites Election Law §16-118 as support for his application for relief at pg. 3, paragraph 2, of his Combined Petition and Complaint, however no mention is made to that provision of the Election Law in the body of the Petition/Complaint.

Executive Committee initiated a proceeding to remove the Petitioner from the Executive Committee pursuant to Article II, Section 4 of the Bylaws. In accordance with the Bylaws, Petitioner was served with written charges on or about July 22, 2023, and provided notice that a hearing regarding the charges was scheduled for August 15, 2023.

On August 8, 2023, Petitioner commenced an action seeking declaratory judgment and an injunction to prevent the Executive Committee from taking action against him. He alleged therein that any action to remove him from the Executive Committee must be authorized by the County Committee, and that further any action brought upon grounds of "disloyalty" violated Election Law and his constitutional rights. Also on August 8, 2023, this Court issued a temporary restraining order enjoining Defendants from pursuing a removal hearing against the Petitioner while the action was pending.

By Order dated November 30, 2023, the Court granted Defendants' cross-motion and dismissed the complaint as not ripe for judicial review.[2] Petitioner's motion for leave to reargue or renew and/or a stay was denied by Order dated February 8, 2024. Petitioner also sought a stay from the Appellate Division which was denied as well.

On January 10, 2024, the Executive Committee conducted the trial with respect to the charges brought against the Petitioner. At the conclusion of the hearing, the

---

[2] Petitioner makes a number of intemperate statements about the Court's prior decision. First, Petitioner insinuates that the Court failed to hold a fact-finding hearing prior to issuing the Court's decision. Such is belied by the fact that as the matter was not ripe for judicial review, there were no issues of fact to resolve at that time. Similarly, Petitioner's assessment that the Court "choose (sic) to look the other way and refused to consider the merits" and that the Court "can no longer put off issuing a determination of the merits" is baseless, disrespectful, and unprofessional. Petitioner is entitled to disagree with the Court's determination, but the proper forum for that disagreement is by way of appeal (filed herein on Dec. 7, 2023), not through snide comments within the present pleading.

[* 2]

Executive Committee found Petitioner not guilty of Charge 1, and guilty of charge 2. They then voted to remove Petitioner as a member of said Executive Committee, which passed by a simple majority vote. Thereafter, on April 10, 2024, Petitioner was served with notice of his removal from said Executive Committee. Petitioner additionally asserts that he was removed as an officer of the County Committee. The present action was filed on April 15, 2024, seeking relief from the Court for his alleged unlawful removal from the Executive Committee.

The Petition currently pending before the Court was returnable on June 27, 2024, and oral argument was heard at that time from Aaron Zimmerman, Esq., on behalf of Petitioner; Robert Julian, Esq., on behalf of Respondent Thomas Beaulieu; and Michael Allen, Esq., on behalf of the County Committee.

The Petitioner alleges the following errors of law: 1) Election Law §2-116 grants the power to remove a member or office to only the full membership of the county committee, and therefore the Executive Committee lacked the authority to remove Petitioner from the Executive Committee; 2) Robert's Rules of Order requires a two-thirds vote for removal; 3) various voting irregularities were the only reason a majority vote was obtained; and 4) Petitioner was erroneously found guilty of "disloyalty," which the Court had previously ruled Petitioner had not been charged (i.e., collateral estoppel/issue preclusion prohibited a vote on "disloyalty.") Petitioner additionally alleges an overarching claim that his removal from the Executive Committee was "illegal."

In its November 30, 2023, Order, this Court addressed Petitioner's argument with respect to Election Law §2-116. As set forth therein:

[* 3]

"...Petitioner argues that the Executive Committee herein does not have the authority to remove an officer, nor does the County Committee have the authority to delegate that power to the Executive Committee. In support of that position, Petitioner cites *Samuel v. Rodriguez*, 120 Misc2d 964 [1983] for the proposition that the power "to remove a party officer...does not emanate from the internal rules of the party, but rather was created by the legislature," and therefore an officer can only be removed pursuant to Election Law §2-116. What Petitioner fails to address in this argument, is that the removal at issue in *Samuel v. Rodriguez*, was undertaken by the **Executive Committee** with which the Court took no issue. *Id.*, 120 Misc2d at 965....

Petitioner further argues that Election Law §2-116 dictates that an officer of a party committee may only be removed by "such" committee, and therefore because it does not specifically provide for delegation, delegation must be prohibited. While Petitioner is correct in asserting that the power of an executive committee is not unfettered: "[g]enerally, courts will not interfere with the internal affairs of a political party... Indeed, the United States Supreme Court noted that a political party has "discretion" in how to organize itself, conduct its affairs, and select its leaders. ..Thus, "absent inconsistent statutory directives, the duly adopted rules of a political party should be given effect." *Mtr of Master v. Pohanka*, 10 NY3d 620, 624 [2008] (*citing Mtr of Kahler v. McNab*, 48 NY2d 917 [1983]

Election Law §2-116 contains no provision which prohibits the County Committee from delegating to the Executive Committee the power to conduct a removal hearing, rather it is silent on the issue. Silence is not a directive.

Article IV, Section 3 of the Bylaws provides in pertinent part, "[a]t all times when the County Committee is not actually in session, the Executive Committee shall have, possess and exercise all the rights, privileges, powers and duties which the County Committee may have, possess, and exercise." There being no statutory directive to the contrary, the County Committee may delegate its power to conduct a removal hearing to the Executive Committee when the County Committee is not in session.

Had the issue not already been decided by the Court in its November 30, 2024, Decision, the same conclusion would be reached in the present action: the Executive Committee was authorized to conduct the January 10, 2024, hearing to remove Petitioner from his position on the Executive Committee. Therefore, the claim set forth in

[* 4]

the Petition herein alleging that the Executive Committee lacked the authority to conduct the removal hearing in violation of Election Law §2-116, must be dismissed.

Petitioner next alleges that Respondents violated Robert's Rules of Order requiring a two-thirds majority to remove him from the Executive Committee. Respondents assert that removal from office, when notice is provided, requires only a majority vote. By Court Notice dated July 2, 2024, the Court asked the parties to set forth the provision(s) of Robert's Rules of Order applicable to the present controversy. The County Committee Respondents rely upon Robert's Rules of Order, Simplified and Applied, Third Edition, Chapter 15, Discipline, which provides in pertinent part:

> The chapter on bylaws describes how to remove a member from office. If the bylaws state that an officer shall "serve for ___ years and until his successor is elected" then to remove from office can only be for "cause" – neglect of duty or misconduct – and must follow the procedures for a trial as stated below. If the officer is found guilty of the charges in a trial, any penalty and **removal from office takes a majority vote.**
> > at pg. 201 (emphasis added)
>
> After closing arguments, the accused leaves the room and the assembly discusses and takes a vote. Each charge is read, debated, and voted on. If the accused is found guilty, the next business in order is determining the penalty...**removing the person on trial from membership requires a two-thirds vote**...
> > at pg. 203 (emphasis added)

Respondent Beaulieu cited Robert's Rules of Order Newly Revised, 12th Edition, 2020, Section 61, chapter XX, entitled Disciplinary Procedures as the relevant provision with respect to voting to remove an officer. In particular, Respondent Beaulieu notes §62:16, which provides in pertinent part:

> "Except as the bylaws may provide otherwise, any regularly elected officer...can be removed from office:
>
> - If the bylaws provide that officers shall serve "for two years or until their successors are elected," the officer in question can be removed from office by adoption of a motion to do so. The vote required for adoption of this incidental main motion is (a) a two-thirds vote, (b) **a majority vote when previous notice** (as defined in 10:44) **has been given,**

[* 5]

> **OR** (c) a vote of a majority of the entire membership – **any one of which will suffice**. (emphasis added)

§66.33(e) further provides:

> "If the accused is found guilty, the chair announces that the next item of business is the determination of the penalty...The usual possible penalties for an officer are censure or removal from the office...**For all of these, including removal from office, a majority vote is required...For expulsion, a two-thirds vote is required.**" (emphasis added)

Petitioner has implicitly conceded the issue, having failed to cite any particular provision of Robert's Rules and instead responding, "[b]ased on the Law of the Case,[3] the court will never have the need to reach or otherwise interpret Roberts (sic) Rules of Order."

Therefore, under both versions of Robert's Rules of Order, a hearing to determine removal from office (i.e., removal from the Executive Committee) requires a mere majority vote, whereas expulsion or removal from membership requires a two-thirds vote.

It is uncontroverted that Petitioner was elected as an At-Large Member of the Executive Committee, which position was to be served for two years or until a successor was elected. It is also uncontroverted that Petitioner was given notice of a hearing upon written charges which hearing was held on January 10, 2024. The records reveal that Petitioner was found guilty of "Charge 2 – [Michael Hunter charges]: Dereliction of Duty and Conduct Unbecoming an Officer in the Executive Committee" with a vote of 12 guilty, 8 not-guilty, and 2 abstentions, thus securing a majority vote. The records further reflect that on the issue of what penalty to impose, the vote was taken on whether to **remove Petitioner from the Executive Committee** resulted in 13

---

[3] Referring to the November 30, 2023, Decision and Order finding Petitioner had not been charged with "disloyalty." The disloyalty argument will be addressed in the latter part of the decision.

[* 6]

votes of 'yes' (in favor of removal) and 9 votes of 'no,' again securing a majority vote. (NYSCEF #21, pg 15-6)

Having obtained a majority vote to remove Petitioner from his **office** in the Executive Committee, Respondents complied with Robert's Rules of Order. Accordingly, Petitioner's claim that his removal from the Executive Committee was improper for failure to secure a two-thirds vote is without merit and must be dismissed.

Petitioner further argues that the votes were improperly taken/counted resulting in a failure to secure the required vote for his removal. In particular, Petitioner objects to 1) not being allowed to vote or participate in deliberations himself; 2) the meeting Manager (Chapman) being allowed to participate in deliberations and vote; and 3) the Chair (Varga) being allowed to participate in deliberations and voting when there was no tie. His objections are not availing. Robert's Rules specifically provides that the accused leaves the room for deliberations and the vote, therefore there is nothing improper in his exclusion from this process. There is no rule cited, nor one that the Court was able to locate, that prevents the meeting manager from participating in deliberations and/or voting. Further, to the extent that the Chair voted when there was no tie present, discounting his vote does not affect the majority vote obtained. Presuming for the benefit of the Petitioner that the Chair had voted "guilty" and "yes," it would merely change the vote count to 11-guilty, 9- not-guilty, 2 abstentions, and 12 "yes" and 9 "no" votes. As the Court finds no abnormality in the voting that would have changed the outcome of the vote (i.e., obtaining a majority vote on either guilt or penalty), Petitioner's argument that the vote was illegally taken/counted is likewise dismissed as without merit.

[* 7]

Finally, Petitioner argues that his removal was illegal and/or improper on the grounds that he was erroneously found guilty of "disloyalty" which is barred by collateral estoppel/issue preclusion pursuant to this Court's prior Decision and Order.[4] However, this argument is based upon a faulty premise. Petitioner was **not** charged with disloyalty, nor was he found guilty of disloyalty. The charge upon which he was found guilty was "Charge 2 - Dereliction of Duty and Conduct Unbecoming of an Executive Committee Officer."[5] The conduct described therein does not allege disloyalty, but rather alleges bullying, disrespectful, divisive behavior and the pursuit of personal agendas/vendettas rather than fulfilling his duties on the membership committee and further growing the party.

Article II, Section IV of the Bylaws specifically provides that a member or officer of a committee may be removed by such committee **for disloyalty or corruption in office**, after notice is given and a hearing upon written charges has been had. As the "Dereliction of Duty and Conduct Unbecoming an Executive Committee Officer" charge does not involve allegations of disloyalty, it must fall within the category of 'corruption in office' in order to constitute valid grounds upon which to lawfully remove Petitioner from the Committee. Having thoroughly reviewed the certified minutes of the January 10, 2024, hearing, as well as the written charges, the Court does not find the conduct complained of in Charge 2 to constitute corruption in office. Corruption by definition is

---

[4] The Court's prior decision with respect to there being no "disloyalty" charges before the Court, referenced only the Beaulieu charges, not the Hunter charges which are the basis for "charge 2" herein. This Court noted therein, "In the written charges served upon Plaintiff he was advised that there were two charges for corruption in office being pursued: 1) fraud committed against registered voters in the 127th Assembly District as a result of Plaintiffs involvement in distributing for signatures nominating petitions for the judicial district convention by improperly placing the names of three individuals without their permission; and 2) for his role in initiating a 'meritless and frivolous' complaint with the NYS Board of Elections against Beaulieu which subjected him needlessly to a criminal investigation." Index No. 008366/2023, Doc. 25, pg. 4)

[5] NYSCEF Doc. #23, pg. 3

Page **8** of **12**

[* 8]

dishonest or fraudulent conduct by those in power for private gain. An alleged failure to increase membership, or alleged responsibility for a reduction in membership (i.e. dereliction of duty herein) does not meet the definition of corruption in office. Petitioner's conduct complained of during the hearing in support of the allegation of "conduct unbecoming an executive officer" likewise did not include allegations of dishonesty nor fraudulent conduct.

The County Committee Bylaws provide only two grounds upon which a member may be removed from office: dishonesty or corruption in office. As the conduct underlying Charge 2: Dereliction of Duty and Conduct Unbecoming an Executive Officer does not fall into either category, it was a violation of the Bylaws to remove Petitioner from his office on the Executive Committee for Charge 2. Petitioner is entitled to declaratory judgment on this issue.

Respondents sought dismissal of the Petition herein upon the grounds that it was not Verified but rather employed the affirmation set forth in newly accordance with newly revised CPLR §2106. As of January 1, 2024, CPLR §2106 was amended to allow any person to submit an affirmation in lieu of an affidavit sworn to before a notary, with the same force and effect. Unfortunately, the question of whether an affirmation can be used to verify a pleading was not addressed in the legislative amendment and has not yet been subject to appellate review. However, the Court need not tarry over the propriety of verifying the Combined Petition and Complaint herein as Plaintiff's counsel has re-submitted the documents with "proper" verification. CPLR §2001 provides that "[a]t any stage of an action…the court may permit a mistake, omission, defect or irregularity…to be corrected, upon such terms as may be just, *or* if a substantial right of

[* 9]

a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded..." The Court finds the correction of the mistake/irregularity to be appropriate under the circumstances herein, and the Combined Petition and Complaint is deemed properly verified *nunc pro tunc*.

Finally, Petitioner seeks default judgment against the non-appearing individual Respondents herein. Such relief is denied as the Petition fails to set forth any cognizable cause of action against any individual Respondent. Additionally, the Combined Petition and Complaint set forth as the relief/remedy sought:

"Petitioner Dadey requests an Order and Judgment of this Court:

1) declaring and determining the removal of Petitioner Dadey as a member of the Executive Committee and as an officer of the County Committee was unlawful and that Petitioner Dadey remains an At-Large Member of the Executive Committee with the concomitant position of Vice Chair-At-Large of the County Committee
2) Together with such other relief as this Court may deem appropriate.

The Petition and Complaint did not seek a remedy against any of the individual Respondents.[6] Having failed to set forth a cognizable cause of action against the individual Respondents, including Thomas Beaulieu, the Petition must be dismissed as against them.

The Court has considered the remaining arguments submitted and finds them to be unavailing.

Accordingly, it is hereby

---

[6] Petitioner's request at oral argument that the failure of individual Respondents to appear in an action that 1) did not state a cause of action against them, and 2) did not seek relief against them, should result in their votes being disregarded is without legal authority and/or merit.

[* 10]

**ORDERED**, that the Combined Petition and Complaint herein is **DISMISSED** with respect to the Individual Respondents-Defendants; namely, Bernard Ment, Nancy Roberts, Rebecca Varga, Jenn Chapman, Thomas Beaulieu, Melissa "Missy" Marzullo, and Michael Hunter; and it is further

**ORDERED, and ADJUDGED** that Petitioner is granted declaratory judgment that the removal of Petitioner Dadey as a member of the Executive Committee was in violation of the Bylaws and unlawful; and it is further

**ORDERED and ADJUDGED** that for the remainder of his elected term, Petitioner Dadey is and remains an at-large member of the Executive Committee with the concomitant position on the County Committee.

ENTER.

DATED: August 16, 2024
Syracuse, New York

**HON. JOSEPH E. LAMENDOLA, JSC**

**PAPERS CONSIDERED:**

1. Combined Notice of Petition and Summons, filed April 15, 2024 (NYSCEF #1)
2. Combined Petition and Complaint with Exhibit A, filed April 15, 2024 (NYSCEF #2-3)
3. Letter – Appearance of Counsel, filed June 7, 2024 (NYSCEF #14)
4. Answer and Responsive Affidavit, filed June 7, 2024 (NYSCEF #15)
5. Notice of Appearance, filed June 20, 2024 (NYSCEF #19)
6. Answer, filed June 20, 2024 (NYSCEF #20)
7. Certified Minutes of Special Meeting, filed June 20, 2024 (NYSCEF #21)
8. Notice of Default, filed June 21, 2024 (NYSCEF #23)
9. Exhibits to Meeting Minutes, filed June 24, 2024 (NYSCEF #24)
10. Court Notice for Post-Argument Memoranda, filed July 2, 2024 (NYSCEF #25)
11. Memorandum of Law & Memo w/ corrected caption (Julian), filed July 8, 2024 (NYSCEF #26-27)
12. Petitioner's Memo of Law with Exhibit, fled July 8, 2024 (NYSCEF #28-29)

[* 11]